IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUAN PINEDA, on behalf of himself and other persons similarly situated | CIVIL ACTION NO. |
| *Plaintiffs*, | JUDGE |
| v. | MAG. JUDGE |
| SUPERIOR LABOR SERVICES, INC. and CONRAD INDUSTRIES, INC., | |
| *Defendants*. | |

**COLLECTIVE ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff Juan Pineda, through his attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against Defendants Superior Labor Services, Inc. and Conrad Industries, Inc.

## NATURE OF THE ACTION

1. This is an action by Juan Pineda ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiff was employed as a manual laborer by Defendants Superior Labor Services, Inc. and Conrad Industries, Inc. ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. *Id.*

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because Defendant Superior Labor Services, Inc. resides in the Eastern District of Louisiana. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Juan Pineda

5. Plaintiff Juan Pineda ("Plaintiff") is a resident of Louisiana.

6. From approximately December 2013 to July 2014, Plaintiff was employed by Defendants at various shipyards in St. Mary Parish, Louisiana.

7. In connection with his employment, Plaintiff performed manual labor related to painting and sandblasting ships.

8. At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant Superior Labor Service, Inc.

9. Defendant Superior Labor Services, Inc. ("SLS") is a corporation organized under the laws of Louisiana with its principal place of business in Houma, Louisiana. SLS is in the business of providing labor for shipyards, including Defendant Conrad Industries, Inc.

10. SLS hired Plaintiff in approximately December 2013 to work as a laborer at the rate of $20.00 per hour.

11. SLS maintains an employment file for the Plaintiff.

12. The paychecks that the Plaintiff received for the employment at issue herein bore the name "Superior Labor Services, Inc."

13. SLS determined Plaintiff's work schedule for the employment at issue herein.

14. SLS is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

15. SLS is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### **Defendant Conrad Industries, Inc.**

16. Defendant Conrad Industries, Inc. ("Conrad") is a corporation organized under the laws of Delaware with its principal place of business in Morgan City, Louisiana.

17. Conrad is in the business of boat construction. Conrad is the owner and/or operator of the shipyards at which Plaintiff was employed and which are referred to in Paragraph 6 of this Complaint. Conrad engaged labor subcontractors to provide manual labor for their shipyards, including Defendant SLS.

18. Conrad supervised the day to day work activities of Plaintiff.

19. Conrad determined Plaintiff's work schedule for the employment at issue herein.

20. Conrad is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

21. Conrad is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

22. Defendants employ laborers to assist in the building and refurbishing of boats at multiple shipyard sites in Louisiana. Defendants employ crews of at least twenty laborers at the various sites simultaneously.

23. Defendants paid Plaintiff by check. The checks that Plaintiff received bore the name "Superior Labor Services, Inc."

24. Plaintiff normally worked more than forty hours a week for the Defendants. On average, Plaintiff worked at least seventy hours per week. Defendants often required Plaintiff to work seven days per week.

25. Defendants never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

26. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## COLLECTIVE ACTION ALLEGATIONS

27. Defendants paid the named Plaintiff, and other similarly-situated employees, at an hourly rate for work performed.

28. Defendants treated the named Plaintiff, and other similarly-situated employees, as exempt from the FLSA's overtime requirements.

29. When the named Plaintiff and other similarly-situated employees worked for Defendants, they were not exempt from the FLSA's overtime requirement.

## COUNT I
### Fair Labor Standards Act – FLSA Overtime Class

30. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

31. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of himself and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive overtime pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

32. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least May 2014 and continuing until the present.

33. As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so

that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

May 11, 2017

*Respectfully submitted,*

/s/ Roberto Luis Costales                                       /s/ William H. Beaumont
_____        _____
Roberto Luis Costales                                            William H. Beaumont
3801 Canal Street, Suite 207                                3801 Canal Street, Suite 207
New Orleans, LA 70119                                        New Orleans, LA 70119
Louisiana Bar #33696                                           Louisiana Bar #33005
Telephone: (504) 534-5005                                  Telephone: (504) 483-8008
Facsimile: (504) 272-2956                                   *whbeaumont@gmail.com*
*costaleslawoffice@gmail.com*

/s/ Emily A. Westermeier
_____
Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
*emily.costaleslawoffice@gmail.com*

*Attorneys for Plaintiff*